UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Docket No. **08-MJ-0018** |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Jesus MARROQUIN-Frias,** ) | Deported Alien Found in the |
| ) | United States |
| ) | |
| Defendant ) | |
| ) | |

BY: ___ DEPUTY

The undersigned complainant, being duly sworn, states:

On or about **January 2, 2008**, within the Southern District of California, defendant, **Jesus MARROQUIN-Frias,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 3rd DAY OF **January 2008.**

_____
Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Jesus MARROQUIN-Frias

## PROBABLE CAUSE STATEMENT

Border Patrol Agent (BPA) C. Walker is currently assigned to the San Diego Sector Border Patrol Smuggling Interdiction Group (SIG). SIG locates and apprehends previously deported criminal aliens that have re-entered the United States illegally after being deported. The SIG Team conducts research through multiple computer systems in order to track these individuals.

On January 2, 2008 at approximately 10:00 a.m., Agent Walker received a phone call from Immigration and Customs Enforcement Agent Richard Cobian. Agent Cobian stated that he had custody of an individual identified as defendant **Jesus MARROQUIN-Frias**, and he was being held in custody at the Federal Building located at 880 Front St. San Diego, California. BPA Walker had previously placed an I-247 Immigration Detainer on MARROQUIN after discovering he was incarcerated.

Agents Walker and S. Lubin, went to the Federal Building, and MARROQUIN was released into their custody at approximately 11:00 a.m. Agent Walker identified himself as a United States Border Patrol Agent and questioned MARROQUIN about his citizenship and asked whether or not he was in the United States legally. The defendant replied that he was a citizen of Mexico and that he was in the United States illegally. Agent Walker then placed MARROQUIN under arrest and transported him to the Chula Vista Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **December 2, 1999** through **Brownsville, Texas.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

MARROQUIN was advised of his Miranda Rights and stated that he understood and that he was willing to answer questions without a lawyer present. MARROQUIN confirmed that the Immigration and Criminal histories listed above were his. MARROQUIN stated that he was a citizen of Mexico and was not in possession of any immigration documents that would allow him to be in or remain in the United States legally. MARROQUIN stated that he had crossed illegally into the United States on or about July 1, 2007 by walking through the mountains near the Tecate, California Port of Entry and that he knew that it was illegal for him to return to the United States.